**CHURCHILL MEAT COMPANY, a Corporation of the State of Pennsylvania, Appellant,**

**v.**

**Michael BRODSKY, Doing Business as Clifton Hydraulic Press Company, Appellee.**

**No. 12650.**

United States Court of Appeals Third Circuit.

Argued Dec. 5, 1958.

Decided Dec. 18, 1958.

As Amended on Denial of Rehearing Jan. 12, 1959.

William J. Ruano, Pittsburgh, Pa., for appellant.

Jordan B. Bierman, New York City (Joseph B. Stadtmauer, Passaic, N. J., Harry C. Bierman, New York City, on the brief), for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This suit for infringement of a patent covering a "Method and Means of Shaping Meats" resulted in judgment for the defendant, the alleged infringer, notwithstanding a verdict for the plaintiff. 160 F.Supp. 241. This appeal followed.

The appellant has not caused the stenographer's notes of the testimony to be transcribed in full and included in the record on appeal. It appears to be appellant's position that error is to be found on the face of the opinion and decision below considered in the light of the text of the patent in suit and certain other patents which the trial court considered and analyzed in reaching its conclusion. The trial court found that the rather simple structure for mechanically pressing and shaping meat into a cylindrical roll of uniform density which is described and claimed in the patent in suit presents no inventive advance over the disclosures of prior art patents. Analyzing the several patents, we too find that conclusion inescapable. Of course, in failing to make a full transcript of the testimony a part of the appellate record, appellant has left us to discover for ourselves by mere inspection and study of the patents any significant differences between obviously similar structures and claims.

Appellant also argues that he has invented a new "method" of pressing meat because he teaches the pressing of frozen meat at a temperature of about 30° F. (advantageous because frozen juices are not lost in pressing) while prior art patents do not specify freezing before pressing. But during argument it was conceded that one earlier patent teaches chilling certain types of meat to about 28° F. before pressing. Moreover, appellant certainly did not invent any process of freezing. Thus, his method claim discloses nothing more than the normal use or functioning of the claimed means or apparatus when applied to meat in a frozen state. For these reasons, if no others, this claim fails.

On the record before us the judgment below seems clearly right and it will be affirmed.